IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SAMUEL SHIPKOVITZ                        *

    Plaintiff,                           *

    v.                                   *          Civil Action No. PX 16-0712

DOVENMUEHLE MORTGAGE, INC., *et al.*,    *

    Defendants.                          *
                                    ******

**MEMORANDUM OPINION**

Plaintiff Samuel Shipkovitz ("Plaintiff" or "Mr. Shipkovitz"), proceeding *pro se*, filed an

action against Dovenmuehle Mortgage, Inc. ("Dovenmuehle") and Richard Cordray, Director of

the Consumer Financial Protection Bureau ("CFPB"), in his official capacity.[1]

Currently pending before the Court are Defendant Dovenmuehle's Motion to Dismiss

(ECF No. 25), Defendant Cordray's Motion to Dismiss or in the alternative, for Summary

Judgment (ECF No. 23), as well as five motions from the Plaintiff:  (1) Motion for Leave to File

an Amended Complaint (ECF No. 32); (2) Motion for an Extension of Time to Respond to

Defendant Cordray's Motion to Dismiss (ECF No. 34); (3) Motion to Reconsider the Order

Amending Deadlines (ECF No. 37); (4) Motion for Leave to File Second Amended Complaint

(ECF No. 41); and (5) Motion for Leave to File Third Amended Complaint (ECF No. 47)).

The relevant issues have been fully briefed and the Court now rules pursuant to Local

Rule 105.6 because no hearing is necessary. For the reasons set forth below, Defendant

---

[1] Plaintiff had sued but later voluntarily dismissed the action against the heads of other two
federal government agencies: the Office of the Comptroller of the Currency and the Federal Trade
Commission. ECF No. 19. Then on August 2, 2016, Defendant Everbank, successor by merger to
Everhome Mortgage Company, was dismissed as a party in accordance with the parties' stipulation of
dismissal with prejudice. ECF No. 50.

Dovenmuehle's Motion to Dismiss (ECF No. 25) shall be GRANTED, Defendant Cordray's

Motion to Dismiss or in the alternative, for Summary Judgment (ECF No. 23) shall be

GRANTED, Plaintiff's motions for leave to amend his complaint (ECF Nos. 32, 41, 47) shall be

DENIED, and Plaintiff's other pending motions (ECF Nos. 34 and 37) shall be DENIED AS

MOOT.

I.      **BACKGROUND**[2]

In 1989, Plaintiff purchased the property located at 5918 Holland Road, Rockville,

Maryland 20851 (the "Property"). ECF No. 2 at 3. To effectuate the purchase of the Property,

Plaintiff obtained a loan in the amount of $105,000.00 which was secured to the Real Property

pursuant to the terms of a Deed of Trust ("Mortgage"). ECF No. 2 at 3.

At some point, Defendant began to experience financial problems due to ongoing and

significant medical issues. *See* ECF No. 2 at 4. As a result of these medical and financial issues,

on March 27, 2000, Plaintiff conveyed a remainder interest in the Property to his niece and

nephew. *See* ECF No. 2 at 4.

In November of 2000, Plaintiff began to receive solicitations from Dovenmuehle

regarding a program to refinance the Mortgage at a lower interest rate. ECF No. 2 at 4. Plaintiff

applied for the program and was verbally assured by agents of Dovenmuehle that "his credit

report and other material were in order." ECF No. 2 at 5. He also received both an oral

commitment and "preliminary good faith estimate of the new terms." ECF No. 2 at 5. "Several

days before the closing was to occur," Plaintiff was advised by Dovenmuehle that it would not

proceed with refinancing of the Mortgage because Plaintiff had conveyed a remainder interest in

the Property to his niece and nephew. ECF No. 2 at 5. Plaintiff asserts that he "has no idea as to

---

[2] In considering Defendants' Motions to Dismiss, the Court relies upon the facts alleged in the complaint, materials attached thereto, as well as matters of public record. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). All facts are viewed in the light most favorable to Plaintiff.

their [Dovenmuehle's] motives to back out" but asserts that it could be due to Plaintiff's medical issues, age, religion, or national origin. ECF No. 2 at 6. Plaintiff claims he is damaged as of April 2001 when the refinanced mortgage would have produced a lower interest rate. ECF No. 2 at 6 ("As a result, Plaintiff has been directly damaged in the amount of the difference in interest collected from said April, 2001 . . . until said full payment, satisfaction and release on December 20, 2012.").

On December 18, 2015, Plaintiff filed a Complaint in the Circuit Court for Montgomery County. *See* Montgomery County Circuit Court Case No. 413180V. On March 10, 2016, the Complaint was properly removed to this Court. ECF No. 1.

Liberally construed, the Complaint asserts claims against Defendant Dovenmuehle for breach of contract, violations of the Maryland Consumer Protection Act ("MCPA"), Truth in Lending Act ("TILA"), Fair Debt Collection Practices Act ("FDCPA"), Equal Credit Opportunity Act ("ECOA"), and Fair Housing Act ("FHA"), alleging that "the lender of his property . . . solicited Plaintiff to refinance and to which Plaintiff agreed and accepted, backing out without cause." ECF No. 2 at 2, 7–8. In Plaintiff's sole count against Defendant Cordray, Plaintiff requests an Order from the Court "requiring the agency [CFPB] to conduct an appropriate investigation or as permitted by law." ECF No. 2 at 11.

## II.     STANDARD OF REVIEW

While Defendant Cordray seeks dismissal under Rule 12(b)(6), the issues raised in the motion relate to this Court's subject matter jurisdiction pursuant to Rule 12(b)(1). Thus, Defendant Cordray's motion to dismiss should be treated under Rule 12(b)(1). Under this Rule, the plaintiff bears the burden of proving that subject matter jurisdiction properly exists in the federal court. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647

(4th Cir. 1999). In a 12(b)(1) motion, the court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the case before it. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Evans*, 166 F.3d at 647. The court should grant the 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond*, 945 F.2d at 768. Occasionally, jurisdictional facts are so intertwined with the merits of a claim that the jury is the proper trier of contested facts. *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009).

Defendant Dovenmuehle moves to dismiss under Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). Plaintiff is proceeding *pro se*, and his Complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, liberal construction does not absolve Plaintiff from pleading plausible claims. *See Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977)).

When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the

complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439 (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Defendant Dovenmuehle contends that Plaintiff's claims are time-barred by their respective statute of limitations.  "[W]here facts sufficient to rule on an affirmative defense . . . are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Pressley v. Tupperware Long Term Disability Plan,* 553 F.3d 334 (4th Cir. 2009) (quoting *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc)). Defendant's statute of limitations challenge will prevail only if it is apparent from the face of the pleadings that the limitations period has expired. *Blackstone v. St. Mary's County Sheriff's Office*, No. DKC-13-3809, 2014 WL 3891688, *3 (D. Md. Aug. 6, 2014); *see Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005).

## III.   DISCUSSION

### A.  Plaintiff's Request for a Writ of Mandamus Compelling the CFPB to Investigate

Plaintiff "seeks an Order [from the Court] requiring the agency to conduct an appropriate investigation . . . " (ECF No. 2 at 11) because Plaintiff "filed a complaint with them but never heard back." ECF No. 2 at 3. Because the Plaintiff asks this Court to order than an agency act

prospectively, Plaintiff's request is liberally construed as a writ of mandamus.[3] *See Gant v. F.B.I.*, 992 F. Supp. 846, 848 (S.D.W. Va.), *aff'd*, 155 F.3d 558 (4th Cir. 1998) (assuming an action to compel an FBI investigation is brought as a writ of mandamus under 28 U.S.C. § 1361); *Krug v. Stonerock*, No. CA 4:11-3297-CMC-JRM, 2011 WL 6982226, at *5 (D.S.C. Dec. 19, 2011), *report and recommendation adopted*, No. CA 4:11-3297-CMC-JRM, 2012 WL 88084 (D.S.C. Jan. 11, 2012) (construing *pro se* Plaintiff's demand that the court compel state defendant to produce medical records as a request for a writ of mandamus); *Sewald v. Pyatt & Silvestri, Chtd*, 161 F. Supp. 2d 1074, 1076 n.3 (N.D. Cal. 2001) ("constru[ing] plaintiff's request that the Postal Service be compelled to conduct an investigation as seeking a writ of mandamus under 28 U.S.C. § 1361.").

28 U.S.C. § 1361 provides the district courts with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, mandamus is a "drastic" remedy, which is "reserved for extraordinary situations" in which the petitioner "has no other adequate means to attain the relief he desires." *United States ex rel. Rahman v. Oncology Assocs., P.C.*, 198 F.3d 502, 511 (4th Cir.1999) (quoting *Kerr v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 426 U.S. 394, 402–03 (1976)) (internal quotation marks omitted). A party seeking a writ of mandamus must demonstrate that

> (1) he has a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief he desires; and (5) the issuance of the writ will effect right and justice in the circumstances.

---

[3] A writ of mandamus is "issued by a court to compel performance of a particular act by a lower court or a governmental officer or body, usually to correct a prior action or failure to act." Black's Law Dictionary (10th ed. 2014)

*Rahman*, 198 F.3d at 511. "The failure to show **any** of these prerequisites defeats a district court's jurisdiction under § 1361." *Asare*, 999 F. Supp. at 659 (emphasis in original).

Importantly, "mandamus cannot be used to compel the performance of discretionary duties of federal government officers; mandamus will lie only to compel ministerial acts." *Asare*, 999 F. Supp. at 659. A government official's duty is "ministerial" if "the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment." *Id.* at n.6; *see also Ancient Coin Collectors Guild v. U.S. Customs & Border Prot., Dep't of Homeland Sec.*, 801 F. Supp. 2d 383, 418 (D. Md. 2011), *aff'd*, 698 F.3d 171 (4th Cir. 2012), *cert. denied*, 133 S. Ct. 1645 (2013); *Shoshone Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) ("The law must not only authorize the demanded action, but require it; the duty must be clear and undisputable.").

Defendant Cordray contends that Plaintiff's request for a writ fails as a matter of law because the investigatory function of the agency that Plaintiff seeks to compel is discretionary. ECF No. 23 at 8. In his reply, Plaintiff contends that the CFPB has a statutory ministerial duty to the Plaintiff to thoroughly investigate Dovenmuehle and Plaintiff's alleged denial of credit. *See* ECF No. 42.

Plaintiff Shipkowitz asserts this statutorily-defined function of the CFPB when paired with Merriam-Webster's dictionary definition of "investigation" compels a mandatory ministerial duty of "reasonable investigation" into Plaintiff's complaint. *See* ECF No. 42 at 1–2. The Court is not persuaded. Mandamus cannot lie because Plaintiff fails to demonstrate that the CFPB has a "clear duty to do the particular act requested." *O'Meara v. Waters*, 464 F. Supp. 2d 474, 479 (D. Md. 2006). This is because the CFPB's decision to investigate a complaint is not a

"mandatory or ministerial obligation . . . so plainly prescribed as to be free of doubt." *First Fed. Sav. & Loan Assoc. of Durham v. Baker,* 860 F.2d 135, 138 (4th Cir.1988) (citations omitted).

One of the "primary functions" of the CFPB is "collecting, investigating, and responding to consumer complaints." 12 U.S.C. § 5511(c)(2) (emphasis added).  The CFPB's enabling statute provides in part:

> (a)  Timely regulator response to consumers
> The Bureau shall establish . . . reasonable procedures to provide a timely response to consumers, in writing where appropriate, to complaints against, or inquiries concerning, a covered person, including--
>> (1) steps that have been taken by the regulator in response to the complaint or inquiry of the consumer;
>> (2) any responses received by the regulator from the covered person; and
>> (3) **any follow-up actions or planned follow-up actions** by the regulator in response to the complaint or inquiry of the consumer.

12 U.S.C.A. § 5534(a) (emphasis added). While the CFPB is required to timely respond to consumers as provided 12 U.S.C.A. § 5534(a), the Plaintiff cannot identify, and the Court cannot find any binding mandate requiring the CFPB to investigate every complaint filed. *See generally PHH Corp. v. Consumer Fin. Prot. Bureau*, No. 15-1177, 2016 WL 5898801, at *40 (D.C. Cir. Oct. 11, 2016) ("Importantly, the CFPB has complete discretion to institute enforcement actions in courts or through administrative actions.") (citing 12 U.S.C. §§ 5563–5564); *Adrain v. Wells Fargo Bank, N.A.*, No. 2:16-CV-00142-SAB, 2016 WL 6246779, at *4 (E.D. Wash. Oct. 25, 2016) ("Additionally, the Bureau can instigate administrative proceedings or civil actions against regulated entities for such violations.") (citing 12 U.S.C. § 5564(a)). Because the statute provides for "any follow-up" actions to be communicated to the consumer, the statute clearly allows for the possibility that the CFPB may not take any further actions at all. Therefore, the CFPB's investigatory responsibilities are discretionary. *Cf. Sewald*, 161 F. Supp. 2d at 1077 ("The regulations cited by the government describe the duties of the Postal Service

Postal Inspection Service, which include carrying out investigations. The language of these regulations does not state that the Postal Service's duty to investigate is mandatory.") (citation omitted).

Because the second element necessary for a writ of mandamus is absent, the Court need not consider the remaining elements for mandamus. Accordingly, Plaintiff's claim seeking a writ of mandamus shall be dismissed.

## B.  Claims Against Dovenmuehle and the Applicable Statute of Limitations

Defendant Dovenmuehle argues that Plaintiff's claims against them are time-barred because the purported breach of contract that undergirds the Plaintiff's claims occurred in April 2001 when the refinanced mortgage would have produced a lower interest rate. ECF No. 2 at 6 ("As a result, Plaintiff has been directly damaged in the amount of the difference in interest collected from said April, 2001 . . . until said full payment, satisfaction and release on December 20, 2012."). Plaintiff responds that his claims are saved under the continuing violation doctrine, tolling the running of the statute of limitations from the "last asserted occurrence" of the violation. ECF No. 43 at 1 (citing cases). This Court finds that the continuing violation doctrine cannot save those claims stemming from Dovenmuehle's purported breach of contract or discriminatory denial of Plaintiff's refinancing.

Plaintiff filed his Complaint on December 18, 2015, over fourteen years after the April 2001 alleged denial of Plaintiff's refinancing. With regard to Plaintiff's state law claims, including breach of contract and the MCPA claim, Maryland law provides a three-year statute of limitations period. Md. Code Ann., Cts. & Jud. Proc., § 5–101. A two-year statute of limitations is applicable to Plaintiff's FHA and ECOA claims. 42 U.S.C. § 3613(a)(1)(A); 15 U.S.C. §

1691e(f) (1991) (amended July 21, 2010).[4] Claims under the FDCPA and TILA have one-year

statute of limitations periods. *See* 15 U.S.C.A. § 1692k(d) (FDCPA claim must be brought

"within one year from the date on which the violation occurs."); TILA § 1640(e) (TILA claim

must be "brought in any United States district court . . . within one year from the date of the

occurrence of the violation."). Without a tolling exception, all of Plaintiff's claims against

Defendant Dovenmuehle are time-barred.

Plaintiff's reliance on the doctrine of continuing violation to save his fourteen-year-old

claim is misplaced. "In general, to establish a continuing violation, the plaintiff must establish

that the unconstitutional or illegal act was a fixed and continuing practice." *A Soc'y Without A*

*Name v. Virginia*, 655 F.3d 342, 348 (4th Cir. 2011). The doctrine applies "if the plaintiff can

show that the illegal act did not occur just once, but rather in a series of separate acts[,] and if the

same alleged violation was committed at the time of each act, then the limitations period begins

anew with each violation." *Id.* (internal quotation marks omitted). Importantly, a continuing

violation is distinguishable from subsequent ill effects resulting from the defendant's prior

discriminatory act. *Id.*; *Nat'l Adver. Co. v. City of Raleigh*, 947 F.2d 1158 (4th Cir. 1991) ("A

continuing violation is occasioned by continual unlawful acts, not continual ill effects from an

original violation.").

Here, Plaintiff argues that the "continuing violation" includes payment of his monthly

mortgage plus "fraudulent late fees." Because Plaintiff's last payment was December 20, 2012,

he considers that date to be the "last occurrence" related to his claims. ECF No. 43 at 3–4. But

---

[4] The ECOA currently provides that no civil action shall be brought "later than five years after the date of
the occurrence of the violation." 15 U.S.C. § 1691e(f). Until July 21, 2011, however, the ECOA provided
that no action could be brought later than two years from the date of the occurrence of the violation. *See*
*Stokes*, 2012 WL 527600, at *7 n.4 (citing Pub.L. No. 111–203, § 1085(7) (July 21, 2010)). "[A]s a
general principle, claims that would have expired under the previous two-year statute of limitations
cannot retroactively be revived." *Stokes*, 2012 WL 527600, at *7 n.4. Whether the two-year or five-year
statute of limitations were to apply, Plaintiff's ECOA claim is time-barred.

the monthly payments and alleged late fees are subsequent ill effects resulting from
Dovenmuehle's original denial of the refinance application (or alleged breach of contract) in
2001. Nowhere in the Plaintiff's Complaint does he allege that Dovenmuehle had performed a
discriminatory act within the prescribed statute of limitations periods preceding this action. For
example, there is no allegation that Defendant Dovenmuehle has repeatedly denied Plaintiff's
application to re-finance. *See, e.g.*, *Baltimore Neighborhoods, Inc. v. Rommel Builders, Inc.*, 40
F. Supp. 2d 700, 710 (D. Md. 1999) (holding that the last occurrence of the alleged Americans
with Disabilities Act violation was the sale of the last inaccessible unit or in the alternative that
the trigger was the plaintiff's visit to the development); *The Equal Rights Ctr. v. AvalonBay
Communities, Inc.*, No. CIV.A.AW-0502626, 2009 WL 1153397, at *9 (D. Md. Mar. 23, 2009)
(discriminatory behavior did not "terminate" until the construction of the last non-compliant
building where plaintiff alleges a pattern and practice of constructing at least 100 buildings in
violation of the FHA). "In sum, an examination of the 'nature of the wrongful conduct and harm
alleged' points persuasively to the absence of a continuing wrong." *Nat'l Adver.*, 947 F.2d at
1168 (quoting *Ocean Acres Ltd. v. Dare County Bd. of Health*, 707 F.2d 103, 106 (4th
Cir.1983)).

Accordingly, Plaintiff's claims against Dovenmuehle, filed almost fifteen years after the
alleged discriminatory conduct and purported denial of the refinancing application (ECF No. 2),
are time barred.

**C.  Amendment is Futile**

Plaintiff moves the Court to grant him leave to amend his Complaint and bring additional claims under the 42 U.S.C. § 1981.[5]

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, courts "should freely give leave [to amend pleadings] where justice so requires." "Although such motions should be granted liberally, a district court may deny leave if amending the complaint would be futile—that is, 'if the proposed amended complaint fails to satisfy the requirements of the federal rules.'" *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (quoting *United States ex rel. Fowler v. Caremark RX, LLC*, 496 F.3d 730, 740 (7th Cir. 2007)).

Plaintiff's Second Amended Complaint, asserting an additional cause of action under 42 U.S.C. § 1981, would also be time-barred by Maryland's three-year statute of limitations. *Leftridge v. Matthews*, No. CIV.A. ELH-11-3499, 2013 WL 5467724, at *8 (D. Md. Sept. 30, 2013), *aff'd sub nom.*, *Leftridge v. Doe*, 565 F. App'x 231 (4th Cir. 2014), and *aff'd sub nom.*, *Leftridge v. Doe*, 565 F. App'x 231 (4th Cir. 2014) ("Sections 1981 . . . upon which plaintiff's claims rely, ordinarily borrow the general or "residual" statute of limitations governing unenumerated intentional torts in the state where the cause of action arose.") (citing *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987)).

Given the applicable statute of limitations for Plaintiff's federal and state law claims, amendment of Plaintiff's claims based on the April 2001 alleged denial of Plaintiff's refinancing would be futile. *Cf. Walton v. Wells Fargo Bank, N.A.*, No. CIV.A. AW-13-428, 2013 WL 3177888, at *5 (D. Md. June 21, 2013) (permitting amendment of a complaint only for plaintiff to specify a subsequent discriminatory action within the statute of limitations) (citing *Vega v.*

---

[5] Having filed his Motion more than twenty-one (21) days after the service of Defendant's Motion to Dismiss Plaintiff's Complaint, Plaintiff may now only amend his Complaint with leave of the Court. Fed.R.Civ.P. 15(a).

*American Home Mortg. Serv., Inc.*, No. CV–10–2087–PHX–NVW, 2011 WL 317652, at *3 (D.

Ariz. Feb. 1, 2011) ("To the extent Plaintiff's claims regarding her inability to obtain a loan

modification stem from any unlawful action related to the loan's origination, those claims would

. . . likely be time-barred.")).[6]

IV.   **CONCLUSION**

Accordingly, this Court shall DENY Plaintiff's motions and shall GRANT Defendants'

motions to dismiss and shall DISMISS this case. A separate order will follow.


 11/16/2016                                                         /S/
Date                                              Paula Xinis
                                                  United States District Judge

---

[6] Plaintiff requests that his lawsuit proceed as a class action. ECF No. 2 at 7. The Fourth Circuit does not certify a class where a pro se litigant will act as representative of that class. *See Fowler v. Lee*, 18 F. App'x 164 (4th Cir. 2001) (pro se litigant cannot represent a class); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). As Plaintiff is proceeding *pro se*, the Court shall deny Plaintiff's request. Because Plaintiff's claims against Dovenmuehle are barred by their respective statute of limitations, the Court shall also deny Plaintiff's request to appoint counsel.