IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SAMUEL SHIPKOVITZ | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX 16-0712 |
| DOVENMUEHLE MORTGAGE, INC., *et al.*, | * | |
| Defendants. | * | |

******

**MEMORANDUM OPINION & ORDER**

Pending before the Court are Plaintiff's Motion for Reconsideration (ECF No. 65), Motion for Leave to File a Third Amended Complaint (ECF No. 66), and an "Emergency Motion for an Extension of Time" to file a reply (ECF No. 72).

On December 18, 2015,[1] Plaintiff Samuel Shipkovitz ("Plaintiff"), proceeding *pro se*, filed an action against Dovenmuehle Mortgage, Inc. ("Dovenmuehle") and Richard Cordray ("Cordray"), Director of the Consumer Financial Protection Bureau ("CFPB"), in his official capacity.[2] Plaintiff's Complaint asserted claims against Defendant Dovenmuehle for breach of contract, violations of the Maryland Consumer Protection Act ("MCPA"), Truth in Lending Act ("TILA"), Fair Debt Collection Practices Act ("FDCPA"), Equal Credit Opportunity Act ("ECOA"), and Fair Housing Act ("FHA"), alleging that "the lender of his property . . . solicited Plaintiff to refinance and to which Plaintiff agreed and accepted, backing out without cause."

---

[1] Plaintiff's Complaint was timely removed to this Court on March 10, 2016. ECF No. 1.

[2] Plaintiff had sued but later voluntarily dismissed the action against the heads of other two Federal government agencies: the Office of the Comptroller of the Currency and the Federal Trade Commission. ECF No. 19. Then on August 2, 2016, Defendant Everbank, successor by merger to Everhome Mortgage Company, was dismissed as a party in accordance with the parties' stipulation of dismissal with prejudice. ECF No. 50.

1

ECF No. 2 at 2, 7–8. In Plaintiff's sole count against Defendant Cordray, Plaintiff requested an Order from the Court "requiring the agency [CFPB] to conduct an appropriate investigation or as permitted by law," ECF No. 2 at 11, which the Court liberally construed as requesting a writ of mandamus.

On November 17, 2016, the Court granted the motions to dismiss of Defendants Dovenmuehle and Cordray. ECF No. 55. The Court found Plaintiff's claims against Dovenmuehle were barred by their respective statutes of limitations, ECF No. 54 at 9–11, and the Court could not assert jurisdiction to fulfill Plaintiff's request for a writ of mandamus. ECF No. 54 at 5–9. Plaintiff's motions for leave to amend his complaint, ECF Nos. 32, 41, 47, were denied, and Plaintiff's other pending motions, ECF Nos. 34 and 37, were denied as moot. ECF No. 55. The Court denied Plaintiff leave to amend his complaint because "[g]iven the applicable statute of limitations for Plaintiff's federal and state law claims, amendment of Plaintiff's claims based on the April 2001 alleged denial of Plaintiff's refinancing would be futile." ECF No. 54 at 12.

After the Court granted Plaintiff four extensions of time to file his motion for reconsideration, *see* ECF Nos. 58, 60, 62, 64, on May 1, 2017, Plaintiff finally filed his motion as well as a motion for leave to file a third amended complaint. ECF Nos. 65, 66. After Defendants filed their briefs in opposition on May 10, 2017 and May 17, 2017, respectively, ECF Nos. 67, 68, the Court granted Plaintiff an extension of time to file his reply, extending the deadline to July 15, 2017, ECF No. 71. On July 5, 2017, Plaintiff filed his second motion for an extension of time to file a reply. ECF No. 72.

### A.  Motion for an Extension of Time to File a Reply

Plaintiff requests that he have until August 15, 2017 to file his reply to the pending motions. In its June 13, 2017 Order, the Court expressly warned Plaintiff that "[n]o further extensions shall be granted." ECF No. 71. While the Court is sympathetic to Plaintiff regarding his health concerns, Plaintiff has failed to show good cause why his access to a computer solely through the public library warrants additional time. *See* ECF No. 72 at 2; Fed. R. Civ. P. 6(b) (A "court may, for good cause, extend the time" by which "an act may or must be done."). Moreover, Plaintiff made the travel arrangements that undergird his request for extension on June 3, 2017, while his first motion for an extension of time to file his reply was pending. *See* ECF No. 70 (filed May 31, 2017 and requesting an extension until July 15, 2017). Plaintiff therefore knew that if the Court granted his first request, his reply would be due during his scheduled trip. Plaintiff was, therefore, aware of the impending deadline and chose to schedule travel nonetheless. Accordingly, Plaintiff's motion for an extension of time to file his reply is DENIED.

### B. Motion for Reconsideration

For reconsideration motions filed under Fed. R. Civ. P. Rule 59(e), the Fourth Circuit recognizes three grounds for amending a previous judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted). Generally, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly," *id.* (citation and internal quotation marks omitted), and "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment," *id.* (quoting 11 Wright, Miller & Kane, Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)). While

"[p]ro se litigants are entitled to some deference from courts," such deference is not unlimited. *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) (citation omitted).

Plaintiff rests his motion on his contention that multiple communications with Dovenmuehle regarding his mortgage constituted new applications for limitations purposes. Mot. Recons., ECF No. 65 at 2–3. The Court previously rejected this attempt to recast his disagreement with Dovenmuehle; the prolonged dispute over the difference in interest rate does not support an independent cause of action, but is rather a "subsequent ill effect[] resulting from Dovenmuehle's original denial of the refinance application (or alleged breach of contract) in 2001." Mem. Op., ECF No. 54 at 11. In short, Plaintiff's Motion for Reconsideration fails to provide any new controlling law, new evidence, or error of law to change the decision of the Court. Thus, Plaintiff's Motion for Reconsideration is DENIED.

### C. Motion to Amend

For the same reason, Plaintiff's proposed amendment to his complaint is denied as futile. *See Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (en banc) "[A] post-judgment motion to amend is evaluated under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility."). Plaintiff alleges that the collection of late fees and communications with Dovenmuehle disputing the payments constitute discrete discriminatory acts. *See* Proposed Am. Compl., ECF No. 66-2 at 8–13. But the late fees and purported overpayments due to a difference in interest rate are the subsequent ill effect resulting from the April 2001 denial of Plaintiff's refinancing application. *See A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 348 (4th Cir. 2011) (citing *Nat'l Adver. Co. v. City of Raleigh*, 947 F.2d 1158 (4th Cir. 1991) ("A continuing violation is occasioned by continual unlawful acts, not continual ill

4

effects from an original violation.")). They cannot support new, independent causes of action. Accordingly, Plaintiff's Motion for Leave to Amend is DENIED.

### D. Conclusion

Based on the foregoing, it is this 31st day of July, 2017, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff's motions for an extension of time, to reconsider, and for leave to amend (ECF Nos. 65, 66, 72) BE, and the same hereby ARE, are DENIED.

2. The Clerk SHALL TRANSMIT copies of this Order to counsel for the Defendants and SHALL MAIL copies to Plaintiff at the three following addresses:

| | | |
|---|---|---|
| P.O. Box 9437 | 5918 Holland Road | 5829 Nicholson Street |
| Washington, DC 20016 | Rockville, MD 20851 | Pittsburgh, PA 15217 |

3. The Clerk shall CLOSE the case.

 7/31/2017                                                          /S/
Date                                                                Paula Xinis
                                                                    United States District Judge